THE STATE OF OHIO, APPELLEE, *v.* GREEN, APPELLANT.

[Cite as *State v. Green* (1998), 81 Ohio St.3d 100.]

(No. 96–1307—Submitted September 9, 1997—Decided February 18, 1998.)

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Robert Glickman,* Assistant Prosecuting Attorney, for appellee.

*David L. Doughten; James A. Draper,* Cuyahoga County Public Defender, and *Donald Green,* Appellate Division Supervisor, for appellant.

MOYER, C.J.  Appellant Kenneth Green appeals from the judgment of the Cuyahoga County Court of Common Pleas whereby a three-judge panel sentenced him to death on each of two counts of aggravated murder with death penalty specifications.

Appellant raises seven propositions of law in support of this appeal.  We have reviewed these propositions and independently assessed the evidence presented throughout both the guilt and penalty phases of the trial.  Based upon our review, we reverse Green's conviction and remand the case for retrial.

In Proposition of Law No. 1, Green contends that his conviction should be reversed because the state's failure to adduce evidence of prior calculation and

design violates the United States Constitution, the Ohio Constitution, Crim.R. 11(C)(3), and R.C. 2945.06. We agree that the trial court did not meet the requirements of Crim.R. 11(C)(3) or R.C. 2945.06 and we therefore need not address the constitutional issues raised.

Trial courts must follow more stringent procedures in the acceptance of a guilty plea for aggravated murder than they do for other felony charges. The procedures set forth by the Ohio General Assembly and this court are found in R.C. 2945.06 and Crim.R. 11(C)(3). Crim.R. 11(C)(3) allows the trial court, at its discretion, to dismiss death-penalty specifications following a plea to aggravated murder. If the court chooses not to dismiss the specifications, a three-judge panel shall "(a) *determine whether the offense was aggravated murder* or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law * * *." (Emphasis added.)

The following section, Crim.R. 11(C)(4), clearly implies that the court must take testimony upon a plea of guilty to aggravated murder in order to make the required determination under Crim.R. 11(C)(3):

"(4) With respect to *all other cases* the court need not take testimony upon a plea of guilty or no contest." (Emphasis added.)

R.C. 2945.06 also specifies procedural requirements which must be followed by any three-judge panel assembled upon a plea of guilty to aggravated murder:

"If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges. * * * [T]he accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty. If the accused pleads guilty of aggravated murder, a court composed of three judges *shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense,* and pronounce sentence accordingly." (Emphasis added.)

The state argues that "R.C. 2945.06, requiring the examination of witnesses[,] is not effective since it conflicts with Crim.R. 11(C)." The state cites *State v. Burrage* (Oct. 7, 1993), Cuyahoga App. No. 63824 unreported, 1993 WL 398534, in support of this position. However, *Burrage* is inconsistent with this court's holding in *State v. Post* (1987), 32 Ohio St.3d 380, 392, 513 N.E.2d 754, 766.

In *Post,* this court specifically held that there is no conflict between Crim.R. 11(C)(3) and R.C. 2945.06 and that Crim.R. 11(C)(3)(c) requires that upon acceptance of a guilty plea for aggravated murder, a three-judge panel must still hear testimony in order to determine if the accused is guilty of aggravated murder beyond a reasonable doubt.

"We conclude that Crim.R. 11(C)(3)(c), when read *in pari materia* with R.C. 2945.06, requires the three-judge panel, upon acceptance of a no contest plea to the charge of aggravated murder, to hear evidence in deciding whether the accused is *guilty* of aggravated murder beyond a reasonable doubt." (Emphasis sic.) *Post, supra,* 32 Ohio St.3d at 392–393, 513 N.E.2d at 766. The same reasoning applies with as much force to the acceptance of a guilty plea.

In *Post,* the prosecutor read the statement of facts after the court's acceptance of the defendant's no contest plea, but prior to any determination of guilt. The court stated that a fair reading of the transcript indicated that the parties had agreed that the statement of facts proffered by the state would be the sole evidence of aggravating circumstances before the court. While the defense made it clear that it did not necessarily agree with the substance of the facts presented, the court could construe the statement as evidence of aggravating circumstances. It is unclear from the opinion whether any additional evidence on the issue of guilt was presented.

*Post* held that the defendant was bound by the explicit agreement between defense counsel and the state whereby the state was allowed to present a statement of facts in fulfillment of its evidentiary burden. Because Green's counsel made no such agreement, we need not reconsider the *Post* decision to hold that the prosecutor's statement of facts in this case did not satisfy the requirements of Crim.R. 11 and R.C. 2945.06.

It has long been recognized that a statement of facts by a prosecutor does not constitute evidence. *State v. Davis* (1991), 62 Ohio St.3d 326, 337, 581 N.E.2d 1362, 1373. See, also, *Maggio v. Cleveland* (1949), 151 Ohio St. 136, 38 O.O. 578, 84 N.E.2d 912; 4 Ohio Jury Instructions (1997) 40, Section 405.10(1). The inherent dangers in relying on such a statement are clearly illustrated in this case. The prosecutor's statement included material misrepresentations and gross inaccuracies. He stated for example that both victims had been bound, when in fact only Debra Whitmore had been bound. He stated that both victims had been bludgeoned, although Debra Whitmore had not been bludgeoned. There was also an inconsistency relating to the address where the bodies were found. Such major variations from the facts, whether intentional or not, provide a .clear example of the dangers of considering a prosecutor's statement as evidence without the explicit consent of the defense. These dangers are especially heightened in the context of an aggravated murder trial where the death penalty may be imposed. Therefore, we hold that such a statement does not satisfy the evidentiary requirements under Crim.R. 11 and R.C. 2945.06.

As there is no conflict in the procedural requirements of Crim.R. 11 and R.C. 2945.06, we hold that when a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required to examine witnesses and to hear any

other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant. Following the presentation of evidence, pursuant to R.C. 2945.06, a three-judge panel must unanimously determine whether the defendant is guilty beyond a reasonable doubt of aggravated murder or of a lesser offense. This finding of guilt must be properly journalized to constitute a valid conviction.

Because the presiding judge accepted Green's guilty plea and proceeded to sentencing without taking any evidence, without any recorded deliberation or determination by the three-judge panel as to the appropriateness of the charge, without any finding on the record that aggravated murder had been proven beyond a reasonable doubt, and without journalizing a finding of guilt, we conclude that there has been no valid conviction and Green's sentence is therefore void.

Green's remaining arguments are rendered moot by this court's holding on Proposition of Law No. 1.

For the foregoing reasons, the sentence is reversed, and this case is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.