The appointed counsel of appellant, Anthony D. Moore, has filed a Motion to Withdraw as Counsel for Appellant pursuant toAnders v. California (1967), 386 U.S. 738 and Penson v. Ohio
(1988), 488 U.S. 75. These cases hold that an appointed counsel who finds that an appeal of his client's conviction would be wholly frivolous must comply with the following procedure: (1) counsel must advise the court that he deems the appeal to be wholly frivolous and request permission to withdraw, (2) the request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal," Anders v. California, supra, and (3) counsel must furnish his client with a copy of the brief, so the client may raise any arguments he deems appropriate.
In the present case, appointed counsel has filed a motion to withdraw and an affidavit stating that he has reviewed the record and "researched the law regarding all potential assignments of error I found supported by the record." Counsel further states that he found no meritorious issue to raise on appeal and that he believes the appeal to be wholly frivolous. Counsel asks the court for an extension of time for defendant Moore to file a brief on his own behalf and states that he has forwarded a copy of his Anders brief to his client.
Attached to this motion is counsel's brief in which he states, in relevant part,
 "In compliance with the above-cited authorities, counsel refers to the following issues which have been thoroughly researched and reviewed, and found to be wholly frivolous, but which could possibly support an appeal:
 "I. Whether Criminal Rule 11 was substantially complied with by the trial court;
 "II. Whether the mandates of State v. Green (1998), 81 Ohio St.3d 100 were complied with by the trial court;
 "III. Whether the trial court acted in accordance with applicable provisions of the Ohio Revised Code, particularly, Sections 2945.06, 2929.03 and 2929.04;
 "IV. Whether procedural due process was afforded the appellant;
 "V. Whether the Stipulated Statement of Facts, Negotiated Written Plea Agreement, Indictments, Conditional Waiver of Jury Trial and the Decision and Judgment Entry of the trial court comported with Ohio Law and passed constitutional muster under both the Ohio and United States Constitutions;
 "VI. Whether any of Appellant's rights under the United States or Ohio Constitutions were violated during the course of the plea proceedings and the sentencing, from what appeared on the record."
Counsel's recitation of these issues is not accompanied by any reference to the record in this case or by any discussion of the law relating to the issues. We find that the mere listing of issues that could possibly support an appeal, without more, does not satisfy the Anders requirement that counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal."
A similar situation was addressed in Cuyahoga County where the court of appeals held that a brief accompanying counsel's motion to withdraw is insufficient under Anders where it consists of a listing of "Assertions of Error" and only makes "a general reference to the record." State v. Duncan (1978),57 Ohio App.2d 93. We agree and find that the brief in this case does not comply with the Anders requirements. See, also Pensonv. Ohio (1988), 485 U.S. 957, where a mere "Certification of Meritless Appeal," which did not reference anything in the record that might arguably support an appeal, was insufficient.
To comply with Anders, counsel's brief should, at a minimum, state where in the record each issue is relevant and discuss the law in connection with that issue. For example, in connection with the first issue raised by counsel, "Whether Criminal Rule 11 was substantially complied with by the trial court," counsel must refer to the portions of the record which involve Crim.R. 11 concerns, give a brief description of the Crim.R. 11 requirements and state why they have been met, and thus an appeal on that issue would be meritless.
Accordingly, appointed counsel shall file, on or before February 26, 1999, an amended brief which comports with the requirements stated above. Counsel's motion to withdraw and motion for extension of time for his client to file a pro se
brief are continued pending further proceedings in accordance with this decision and judgment entry.
Peter M. Handwork, P.J. ---------------------------- JUDGE George M. Glasser, J. ---------------------------- JUDGE Richard W. Knepper, J. CONCUR. ---------------------------- JUDGE