OPINION
Defendant Scott Edward Heddleson appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled his motion to withdraw his guilty plea entered in 1987 on one count of aggravated murder with a death penalty specification and firearm specification, two charges of aggravated murder, each with a firearm specification, and one count of grand theft. Appellant entered his guilty plea pursuant to a negotiated plea agreement wherein the State agreed not to pursue the death penalty. The trial court sentenced appellant to a term of life imprisonment with parole eligibility after thirty years, indeterminate terms of incarceration of ten to twenty-five years for each of the aggravated robbery charges, with the grand theft conviction merged with one of the aggravated robbery charges, and a three-year determinate sentence for the three firearms specifications which were merged into one. Appellant assigns three errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE APPELLANT'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW WERE VIOLATED, AND THE TRIAL COURT PREJUDICIALLY ERRED IN REFUSING TO GRANT APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA, FILED PURSUANT TO CRIM. R. 32.1, IN THAT THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN APPELLANT'S CONVICTION, AND THE JUDGMENT OF CONVICTION AND SENTENCE IS VOID AB INITIIO ON JURISDICTIONAL GROUNDS.
ASSIGNMENT OF ERROR NO. 2
 APPELLANT HAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN ENTERING HIS GUILTY [SIC] PLEA TO AGGRAVATED MURDER WITH DEATH PENALTY SPECIFICATIONS IN THAT APPELLANT'S GUILTY PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTERED, THE EVIDENCE ADDUCED OF RECORD WAS NOT SUFFICIENT TO SUSTAIN TO CONVICTION, AND APPELLANT'S CONVICTION AND SENTENCE ARE VOID AB INITIO.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT PREJUDICIALLY ERRED BY DISMISSING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA, FILED PURSUANT TO CRIM. R. 32.1, WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING TO DETERMINE THE TRUTH OF HIS ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL.
The record indicates appellant did not file a direct appeal from his conviction and sentencing, although he did file a motion for leave to file a delayed appeal in 1990, which this court overruled. In 1997, appellant filed a motion for post-conviction relief, claiming he had received ineffective assistance of counsel, and also that the trial court lacked jurisdiction over him. The trial court denied the petition, and this court affirmed in State v. Heddelson (August 4, 1997), Stark App. No. 1997CA00113, unreported. Appellant now challenges validity of his guilty plea.
 I
In his first assignment of error, appellant urges the trial court erred in overruling the motion to withdraw the guilty plea, because the trial court did not comply with the requirements of Crim.R. 11 (C) and R.C. 2945.06. Crim.R. 32.1 permits a court to set aside a judgment of conviction and permit a defendant to withdraw his or her plea only to correct manifest injustice. Appellant bears the burden of demonstrating this manifest injustice, see State v. Smith (1977), 49 Ohio St.2d 261. A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, in resolving the issues of good faith, credibility, and weight of the movant's assertions, Id. One factor a trial court should weigh is any undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion to withdraw, Id. The State points out appellant moved to withdraw his guilty plea nearly 12 years after his conviction and sentencing. Appellant's challenge to his guilty plea asserts he was entitled to a hearing before a three-judge panel because he was pleading guilty to aggravated murder with a death-penalty specification. Appellant cites us to State v. Green (1998),81 Ohio St.3d 100, wherein the Supreme Court held: When a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required to examine witnesses and to hear any other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant.
In State v. Griffin (1992), 73 Ohio App.3d 546, this court held a trial court is not required to follow death-penalty procedures when the State agrees not to request the death penalty. This means the case is no longer a "capital" case within the meaning R.C. 2901.02 (B), because the death penalty is no longer an option. By contrast, in the Green, supra, case cited by appellant, the defendant was actually sentenced to death by a three-judge panel. The State points out appellant raised the same issue in his 1987 petition for post-conviction relief. Appellant also raised this issue in his appeal from the trial court's judgment on the post-conviction relief petition. In State v. Perry (1967), 10 Ohio St.2d 175, the Ohio Supreme Court held the doctrine of res judicata applies to prevent a convicted defendant who was represented by counsel from raising in any proceedings except an appeal from the judgment, any defense or claims of lack of due process that were raised or could have been raised at the trial which resulted in a conviction, or on an appeal from that judgment. We have previously found this issue to be without merit, and the doctrine of res judicata precludes appellant from raising this issue again. The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues he was deprived of the effective assistance of counsel in entering his guilty plea. Once again, appellant raised this issue in his petition for post-conviction relief, and his appeal from the court's denial of the petition, and this court found because Crim.R. 11 (C)(3) did not apply to appellant's case, appellant was not deprived of the effective assistance of counsel when counsel failed to fully advise him of the implications of his guilty plea. Again, principles of res judicata bar appellant from raising this issue a second time. The second assignment of error is overruled.
 III
In his third assignment of error, appellant urges the trial court should have held an evidentiary hearing before ruling on the motion to withdraw the guilty plea. Appellant correctly cites State v. Hamed (1989), 63 Ohio App.3d 5, as authority for the proposition a hearing on a post-sentence motion to withdraw a plea of no-contest is required if the facts alleged by the defendant, if accepted as true, would require the court to permit the plea to be withdrawn. The State argues, and we agree, the issue raised by the motion to withdraw the guilty plea was an issue of law, and not fact, namely, whether the sentencing court properly followed R.C. 2945.06 and Crim.R. 11 in convicting and sentencing appellant. Thus, the trial court correctly determined the issue on the written motion, and was not required to conduct an evidentiary hearing. The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Wise, P.J., and Hoffman, J., concur