DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment rendered by the Ottawa County Court of Common Pleas in a double murder case.
On February 22, 1998, Diane Lacourse was beaten to death in the Port Clinton apartment she shared with her husband, Donald Lacourse. At the same time, Donald Lacourse's throat was cut, but he lived until March 22, 1998 — long enough to identify appellant, Anthony D. Moore, as his assailant.
Appellant was charged in separate indictments with multiple offenses, most serious of which were counts of aggravated murder, containing capital specifications.
On August 24, 1998, appellant appeared before a three-judge panel and, pursuant to a negotiated plea agreement, pled guilty to two counts of aggravated murder with specifications. Following a plea colloquy, the court accepted the plea and the state then presented evidence pursuant to State v. Green (1998),81 Ohio St.3d 100. The tribunal found appellant guilty of the principal charges and, on the state's motion, dismissed the remaining counts.
During the sentencing phase, pursuant to the negotiated agreement, the state presented no evidence in support of the proposition that the aggravating factors outweighed the mitigating circumstances. The prosecution, with the consent of the victims' family, recommended that appellant be sentenced to life imprisonment without possibility of parole. The tribunal accepted the state's recommendation, but ordered the sentences be consecutive. Following this judgment, appellant perfected this appeal.
We now have before us appellate counsel's brief and motion to withdraw pursuant to Anders v. California (1967),386 U.S. 738, and Penson v. Ohio (1988), 488 U.S. 75. Counsel represents that he has examined the record of the proceedings below, researched the law regarding potential errors and concluded that no meritorious issue could be raised in the case. Counsel also submits a brief containing six areas of potential error that he considered, but deemed to be wholly frivolous. Appellate counsel provided a copy of his motion and brief to appellant who filed his own uncaptioned pleading.
A guilty plea waives all appealable errors except for those which are shown to have precluded a knowing, intelligent or voluntary plea. State v. Spates (1992), 64 Ohio St.3d 269,272-273, citing Tollett v. Henderson (1973), 411 U.S. 258, 267. See, also, United States v. Broce (1989), 488 U.S. 563, 570;Boykin v. Alabama (1969), 395 U.S. 238, 243-244. Consequently, appellate counsel properly centered his attention on potential errors relating to the voluntariness of the plea and the procedural aspects of the matter. He concluded that: (1) the trial court complied with Crim.R. 11 in accepting the plea, (2) sufficient evidence was presented to comply with the requirements of State v. Green, supra, (3) the composition of the three-judge panel was proper and its findings and sentence procedurally sound, (4) appellant was afforded due process of law, (5) the stipulation of facts, waiver of jury trial and plea agreement were proper, and (6) the plea proceedings and sentencing were in conformity with the Constitutions of Ohio and of the United States.
Appellant's submission alludes to potential perjury and contests certain factual matters.
We have independently reviewed the record of this case and concur with appellate counsel's assessment. The documents in the record and the transcript of the proceedings reveal that the rules were meticulously adhered to and offer no indication that appellant's plea was not knowingly, intelligently, and voluntarily made. As indicated above, appellant's challenge to the factual basis of the charges against him are subsumed by his admission of guilt.
Accordingly, this court's thorough and independent review of the record fails to demonstrate any arguable issues for appeal. Therefore, we find this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is well-taken and, hereby, granted. The judgment of the Ottawa County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ JUDGE Melvin L. Resnick, J.
 _______________________________ JUDGE CONCUR. James R. Sherck, J.
 _______________________________ JUDGE Richard W. Knepper, J.