JOURNAL ENTRY AND OPINION
Appellant, Iris Burt, appeals from the judgment of the Cuyahoga County Court of Common Pleas, which convicted her of aggravated murder and aggravated robbery.
In September of 1993, the Cuyahoga County Grand Jury indicted appellant on the following charges: two counts of aggravated murder, in violation of R.C. 2903.01, each with felony murder and aggravated felony specifications; and one count of aggravated robbery, in violation of R.C.2911.01, with an aggravated felony specification. The aggravated murder charges were capital offenses due to the specifications contained in the indictment. Pursuant to a plea agreement, the indictment was amended to delete the felony murder and aggravated felony specifications so that the appellant would not be eligible for the death penalty. On May 18, 1994, appellant entered a guilty plea to one count of aggravated murder and one count of aggravated robbery, and the second count of aggravated murder was nolled. The trial court sentenced appellant to serve twenty years to life for aggravated murder and five to twenty-five years for aggravated robbery, both sentences to be served consecutively. From her judgment of conviction, appellant assigns the following error in her delayed appeal:
 I. THE APPELLANT'S CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT VIOLATED R.C. 2945.06 AND THE DICTATES OF STATE V. GREEN (1998), 81 OHIO ST.3d 100, 102-103, AND FAILED TO DEFINE PRIOR CALCULATION AND DESIGN IN VIOLATION OF OHIO LAW AND THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION.
In her sole assignment of error, appellant contends that the trial court erred by accepting her guilty plea without convening a three-judge panel. She argues that R.C. 2945.06 and the holding in State v. Green
(1998), 81 Ohio St.3d 100, require that a three-judge panel accept a guilty plea to the offense of aggravated murder even when the defendant is not death eligible at the time of the plea.
In State v. Green, supra, at syllabus, the Supreme Court held: When a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required to examine witnesses and to hear any other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant. Appellant relies on the following portion of R.C. 2945.06 to support her argument that a three-judge panel is required in all aggravated murder cases, even when the defendant is not death eligible:
 If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly. The court shall follow the procedures contained in sections 2929.03 and 2929.04
of the Revised Code in all cases in which the accused is charged with an offense punishable by death.
Neither R.C. 2945.06 or Green requires a three-judge panel to accept a guilty plea to the offense of non-capital aggravated murder. In Stateex. rel Henry v. McMonagle (2000), 87 Ohio St.3d 543, 544-544, the Supreme Court of Ohio stated:
 R.C. 2945.06 does not require an examination of witnesses, determination of guilt, and pronouncement of sentence by a three-judge court if the accused is not charged with an offense punishable by death. Ullman v. Seiter (1985), 18 Ohio St.3d 59, 479 N.E.2d 875. In this regard, R.C. 2945.06 must be construed in pari materia with Crim.R. 11(C). State v. Green (1998), 81 Ohio St.3d 100, 104, 689 N.E.2d 556, 559. At the time [the defendant] pled guilty, his indictment had been amended to delete any death-penalty specification. Therefore, neither R.C. 2945.06 nor Crim.R. 11(C) required an examination and determination by a three-judge panel because [the defendant] was no longer charged with an offense punishable by death at the time he entered his guilty plea. [citation omitted].
Furthermore, this court reached the same conclusion in State ex. relWright v. Griffin (July 1, 1999), Cuyahoga App. No. 76299, unreported, when the defendant argued that R.C. 2945.06 applied to guilty pleas in non-capital aggravated murder cases. We stated, * * * both parties * * * agree that Mr. Wright was no longer facing the death penalty when he pleaded guilty. [R.C. 2945.06] does not apply in non-capital cases. Despite Mr. Wright's parsing of the statute, [its] scheme is to provide the protection of a three-judge panel in capital cases. Because appellant did not plead guilty to a capital offense, the trial court did not err by not having a three-judge panel accept her plea.
Appellant also argues that the trial court violated her constitutional rights by failing to define prior calculation and design before accepting her guilty plea to aggravated murder. She asserts that theFourteenth Amendment requires that a defendant understand each element of the offense to which she is pleading. As the Tenth Appellate District stated in State v. Rainey (1982), 3 Ohio App.3d 441, 442, 446 N.E.2d 188,
 In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge.
A review of the transcript from appellant's plea hearing demonstrates that the trial court was warranted in making a determination that appellant understood the charge of aggravated murder; therefore, we cannot conclude that the trial court violated appellant's constitutional rights by failing to define the element of prior calculation and design. Appellant's sole assignment of error has no merit.
We note that the trial court sentenced appellant to serve: 20 YEARS TO LIFE ON COUNT 1; 5 YEARS TO 25 YEARS TO RUN CONSECUTIVE. The sentencing entry does not state that the term of five to twenty-five years was for the offense of aggravated robbery set forth in Count Three; therefore, we remand this case to the trial court for the limited purpose of clarifying its sentencing entry.
Judgment affirmed, remanded for clarification.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND MICHAEL J. CORRIGAN, J., CONCUR.