**Kenneth GREEN, Petitioner–Appellant,**

v.

**Gerald T. MCFAUL, Respondent–Appellees.**

No. 01–3270.

United States Court of Appeals, Sixth Circuit.

April 3, 2003.

BEFORE: MARTIN, Chief Circuit Judge; RYAN, Circuit Judge; and COHN, District Judge.*

BOYCE F. MARTIN, JR., Judge.

This appeal by an Ohio state prisoner of the denial of his petition for habeas corpus questions the scope of the Double Jeopardy Clause. The prisoner's conviction and death sentence was voided, and his case was remanded when the Ohio Supreme Court determined that the trial court had failed to follow Ohio procedural requirements. The question presented by this appeal is whether the double jeopardy clause enters the case if no jeopardy attached in the first place.

On the afternoon of September 28, 1995, the bodies of Deborah Whitmore and Nan-

---

* The Honorable Avern Cohn, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

cy Allen were found at 8003 Central Avenue in Cleveland, Ohio. The murdered women were tied together, stabbed and bludgeoned. Later that day Kenneth Green turned himself in to Cleveland police stating that he had just killed two people at 8020 Central Avenue. The bodies were eventually found, and in the meantime, Green was taken to the homicide unit where he confessed again to the two murders. Green went on to say that "what [I] did was wrong and [I] will pay for it . . . an eye for an eye."

On October 10, 1995, a Cuyahoga County grand jury indicted Green on two counts of aggravated murder with two death penalty specifications. The indictment charged Green with "purposely with prior calculation and design causing the death of another." Green received the first death penalty specification, a repeat murder specification, as a result of his previous murder conviction. On May 1, 1974, the defendant had been convicted of murder in the Common Pleas Court of Cuyahoga County, Ohio. The second death penalty specification was for a mass murder under Ohio law, because Green killed both Whitmore and Allen.

On February 21, 1996, Green's trial was due to begin before a panel of three Cuyahoga County Common Pleas judges as provided under the Ohio code. Green then informed the Court that he wished to waive his right to a jury trial and plead guilty. Green tendered a document to the court which read as follows: "I, Kenneth Green the defendant in the above cause, do hereby voluntarily and knowingly waive and relinquish my Constitutional Right to Trial by Jury and would like to be tried by a judge of the court in which said cause may be pending. I totally understand under the laws of the state, I have a Constitutional Right to trial by jury." After

asking Green if he in fact signed this jury waiver, the court then executed the waiver.

The prosecution offered a brief recitation of the facts in order to provide a factual basis for Green's anticipated plea. The panel of judges recorded this short explanation of what the evidence would have shown; however, no evidence was admitted nor were any witnesses examined. The court then began questioning Green to determine if he understood the rights he waived by pleading guilty. On determining that Green was coherent and in no way coerced to plead guilty, the panel allowed Green's guilty plea to two counts of aggravated murder with two death penalty specifications. At the termination of the proceeding, Green indicated that he wanted to die.

The court stated on the record that Green's guilty pleas were "voluntarily, knowingly, [and] intelligently in compliance with Rule 11" of the Ohio Rules for Criminal Procedure. In conducting this proceeding, however, the three judge panel did not determine whether Green was guilty of aggravated murder or a lesser offense. The panel only took Green's guilty plea. On March 6, 1996, the court filed a journal entry for the February 26 proceeding, stating Green "knowingly and voluntarily executed his wavier of a jury trial and consented to trial before a three judge panel." However, the court never recorded an entry noting that the court examined witnesses and took evidence indicating beyond a reasonable doubt that Green was guilty of aggravated murder as opposed to a lesser offense.

On April 2, 1996, the court held the mitigation hearing where the prosecution presented Green's confessions, witness testimony, previous statements concerning Green's desire for the death penalty, his past murder conviction, and details concerning the victims' death. On April 25,

1996, the court filed the journal entry for the April 2 hearing, stating that the "three-judge panel finds beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating factors." The court then sentenced Green to death.

Green subsequently appealed his case, and on February 18, 1998, the Ohio Supreme Court reversed Green's sentence and remanded the case. The Ohio Supreme Court held that Ohio Criminal Rule 11(C)(3) requires that when a defendant pleads guilty to aggravated murder with specifications, a court composed of three judges must "examine witnesses and hear any other evidence properly presented by the prosecution in order to make . . . a determination" whether the defendant is guilty of aggravated murder or a lesser offense. *State v. Green*, 81 Ohio St.3d 100, 104–05, 689 N.E.2d 556 (1998).

The Ohio procedure is designed to protect defendants who plead guilty to a crime punishable by death from being summarily found guilty without an independent judicial examination of the facts and circumstances forming the basis of the plea. Ohio Criminal Rule 11(C)(3) provides in part "if the indictment contains one or more specifications that are not dismissed upon acceptance of a plea of guilty . . . a court composed of three judges shall (a) determine whether the offense is aggravated murder or a lesser offense." Ohio Criminal Rule 11(C)(4) states that "with respect to all other cases the court need not take testimony upon a plea of guilty or no contest." The Ohio Supreme Court reasoned that 11(C)(4) indicates that for 11(C)(3) cases, testimony needs to be taken. *Id.* at 103, 689 N.E.2d 556. Because the trial court failed to take evidence, to journalize a finding of guilt, and to record any deliberation determining that the charge of aggravated murder was proven beyond a reasonable doubt, the Ohio Su-

preme Court voided Green's conviction and sentence and remanded the case to the Cuyahoga County Court of Common Pleas. *See State v. Green*, 81 Ohio St.3d at 104, 689 N.E.2d 556.

At the outset of a second prosecution, Green filed a motion to dismiss the aggravated murder charges. Green argued that the Fifth Amendment's Double Jeopardy Clause bars retrial, because the prosecution did not present sufficient evidence to prove the elements of aggravated murder at the first trial. The trial court denied this motion, and on December 2, 1999, Green filed his petition for habeas corpus in federal district court.

In the district court, Green again argued that the Double Jeopardy Clause bars retrial in his case. Examining the record, the district court noted that the three-judge panel presiding over Green's case "clearly failed to examine witnesses and to hear any another [evidence] properly presented by the prosecution" as required by state law in an aggravated murder guilty plea proceeding. The district court held this to be a "straightforward violation of state procedure." Citing *Burks v. United States*, 437 U.S. 1, 15, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the district court ruled that such an "improper receipt or rejection of evidence" is trial error that does not implicate double jeopardy protections. The district court also reasoned that Green's reversal was not based on insufficiency of the evidence. Though the prosecution failed to present sufficient evidence on the February 20, 1996 hearing, the responsibility for this error does not rest with the prosecution but with the trial court. Relying again on *Burks* as well as *Lockhart v. Nelson*, 488 U.S. 33, 34–36, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), the district court ruled that in such an instance the double jeopardy clause did not prevent retrial. The district court thus held that

the Court of Common Pleas' denial of Green's motion to dismiss based on double jeopardy grounds was neither "contrary to" nor an "unreasonable application" of Supreme Court precedent. Thus Green's habeas petition failed.

On appeal Green offers the same argument. He argues that the state failed to prove beyond a reasonable doubt that he purposefully killed with prior calculation and design; hence the Double Jeopardy Clause prevents retrial. To buttress his argument, Green states that the Ohio Supreme Court "expressed concerns" over the state's failure to present sufficient evidence.

We review whether the state court decision resulted in "an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The Double Jeopardy Clause of the Fifth Amendment commands that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. Over the years, the scope of the Double Jeopardy Clause has been examined numerous times. "It is well established that the Double Jeopardy Clause forbids the retrial of a defendant who has been acquitted of the crime." *Bullington v. Missouri,* 451 U.S. 430, 437, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981) (citing *United States v. DiFrancesco,* 449 U.S. 117, 129–30, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); *Burks v. United States,* 437 U.S. at 16; *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)). This Circuit has echoed this rule more than once. For example in *Rashad v. Burt,* 108 F.3d 677, 680 (6th Cir.1997), we held the

Double Jeopardy Clause bars successive prosecutions if the evidence needed to convict the defendant in his first trial is same as the evidence needed to obtain a second conviction. The Double Jeopardy Clause protects "not only the rights against retrial after an acquittal and against multiple punishments for the same offense, but also defendant's valued right to have his trial completed by a particular tribunal." *United States v. Stevens,* 177 F.3d 579, 583 (6th Cir.1999). Furthermore, the Double Jeopardy Clause protects the defendant not just from a second conviction but exposure to a second trial. *See Delk v. Atkinson,* 665 F.2d 90, 92 (6th Cir.1981).

Having noted the Double Jeopardy Clause's protections, federal courts have established numerous limitations concerning its scope. In an early instance where the Supreme Court examined in some detail the double jeopardy implications triggered by an appellate court's reversal. *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1895). Here, the Court held that the Double Jeopardy Clause did not protect a defendant who was retried after the trial court initially dismissed his case due to a flawed indictment. The *Ball* court stated that a "defendant who procures a judgment against him upon an indictment to be set aside may be tried anew upon the same indictment or upon another indictment for the same offence which he had been convicted." *Id.* at 672. In *Forman v. United States,* 361 U.S. 416, 425, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960), a conviction was reversed by the court of appeals because of an improper jury instruction. Sidestepping the question of whether the reversal resulted from trial error or insufficiency of the evidence, the Supreme Court quoting *Ball* stated "It is elementary in our law that a person can be tried a second time for an offense when his prior conviction for

that same offense has been set aside by his appeal."

This Court too has realized that there are numerous limitations on the scope of the Double Jeopardy Clause. We have held that the Double Jeopardy Clause is not a bar to retrial where a "manifest necessity" exists to declare a mistrial in the initial prosecution, such as a deadlocked jury. *Jones v. Hogg*, 732 F.2d 53, 54 (6th Cir.1984). We have also held the Double Jeopardy Clause does not bar an additional prosecution by a different sovereign. *See United States v. Louisville Edible Oil Products, Inc.* 926 F.2d 584, 587 (6th Cir.1991). As well, "if a defendant is convicted and then succeeds in reversing the conviction on appeal on any basis other than insufficiency of evidence, he may be retried without violating the [Double Jeopardy] Clause." *Malinovsky v. Court of Common Pleas of Lorain County*, 7 F.3d 1263, 1269 (6th Cir.1993).

At oral argument, Green's counsel narrowed his argument. Admitting that the Double Jeopardy Clause does not prevent a second prosecution in this case, they now argue that the Double Jeopardy Clause prevents the imposition of the death penalty for a second time. It is true that the Double Jeopardy Clause applies to the mitigation phase of the death penalty. *See Bullington*, 451 U.S. at 449 (noting that the double jeopardy clause applies to proceedings that "have the hallmarks of the trial on guilt or innocence"). As far back as *Stroud v. United States*, 251 U.S. 15, 17–18, 40 S.Ct. 50, 64 L.Ed. 103 (1919), however, the Supreme Court has held that the Double Jeopardy Clause does not bar the imposition of the death penalty at a new trial where the reversal of the conviction was based on error. Most recently, the Supreme Court held the Double Jeopardy Clause does not prevent imposition of the death penalty in a second trial when in

the first trial the capital sentencing jury was unable to reach a unanimous verdict necessary for imposing the death penalty. *See Sattazahn v. Pennsylvania*, 537 U.S. 101, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003). Without this unanimous verdict, "neither the judge nor jury 'acquitted' petitioner .... his jeopardy never terminated," thus freeing Pennsylvania to try the petitioner again. *Id.* at 740.

Though bearing some similarity to Green's case, this body of case law typified by *Stroud, Bullington* and *Sattazahn* is not directly applicable. Certainly, Green's plea in conjunction with the mitigation phase were proceedings having the "hallmarks of a trial on guilt or innocence." Testimony was taken, and the judges weighed whether the aggravating circumstances outweighed the mitigating evidence. The error in Green's case, however, did not occur during the mitigation phase. Rather, the error occurred previously, in the taking of Green's guilty plea. By failing to take evidence and examine witnesses when taking Green's guilty plea, the court failed to determine if he was in fact guilty of the offenses to which he pled.

Because the error occurred in the taking of Green's guilty plea, the analysis of this case shifts away from determining protections and limitations of the Double Jeopardy Clause. The essential point, now, is not whether the Ohio Supreme Court's reversal is based on evidentiary insufficiency or trial error thus implicating the Double Jeopardy Clause. Rather, the issue here is more general. According to the Ohio Supreme Court, the taking of Green's guilty plea was invalid pursuant to Ohio law. *See Green*, 81 Ohio St.3d at 104–105, 689 N.E.2d 556. The three judge panel did not properly follow the Ohio Criminal Rules of Criminal Procedure governing the acceptance of guilty pleas in felony cases. *See* Ohio Criminal Rule 11(C)(3) &

434

(4). In this situation, we have held that jeopardy does not attach because the guilty plea was never properly accepted. *See United States v. Bearden,* 274 F.3d 1031, 1037–38 (6th Cir.2001) (holding that jeopardy attaches "only when the district court accepts the defendant's guilty or nolo contendere plea"). Jeopardy having not attached, the decision of the district court that Green may be retried is affirmed.

The judgment is affirmed.