KELLEY, APPELLANT, *v.* WILSON, WARDEN, APPELLEE.

[Cite as *Kelley v. Wilson,* 103 Ohio St.3d 201, 2004-Ohio-4883.]

(No. 2004-0557—Submitted July 20, 2004—Decided September 29, 2004.)

**Per Curiam.**

{¶ 1} On April 4, 1991, a three-judge panel of the Cuyahoga County Court of Common Pleas held a hearing at which appellant, Shawn P. Kelley, entered a guilty plea to two counts of aggravated murder with death-penalty specifications and one count of aggravated robbery. The trial court heard a prosecutor's statement of facts, but it did not determine on the record whether Kelley was guilty beyond a reasonable doubt of aggravated murder or of a lesser offense. The trial court stated that it would enter Kelley's pleas of guilty to the charges and then proceeded to sentence him.

{¶ 2} On April 30, 1991, the trial court issued a journal entry accepting Kelley's guilty plea and sentencing him to an aggregate term of life imprisonment with parole eligibility after 20 years.

{¶ 3} On February 11, 2004, Kelley filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel his prison warden, Julius Wilson, to release him from confinement. Kelley claimed entitlement to the writ based on *State v. Parker,* 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, and *State v. Green* (1998), 81 Ohio St.3d 100, 689 N.E.2d 556. Kelley claimed that he never waived his right to a jury trial. Kelley further claimed that the trial court lacked jurisdiction to sentence him because the court heard no testimony, failed to determine the appropriateness of the charges, and did not journalize any finding of guilt. According to Kelley, he was consequently entitled to release

from custody under the speedy-trial provisions of R.C. 2945.71 because he had not been convicted and sentenced within the statutory time limit.

{¶ 4} On February 25, 2004, the court of appeals dismissed the petition.

{¶ 5} On appeal, Kelley asserts that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Kelley's assertions lack merit.

{¶ 6} First, *Parker*, 95 Ohio St.3d 524, 2002–Ohio–2833, 769 N.E.2d 846, is inapplicable. In *Parker*, at the syllabus, we held that "[a] defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty." *Parker* does not address Kelley's claim that he never waived his right to a jury trial.

{¶ 7} Second, Kelley's jury-trial-waiver claim is not cognizable in habeas corpus. *State ex rel. Larkins v. Aurelius* (1998), 84 Ohio St.3d 112, 113, 702 N.E.2d 79 ("A claimed violation of R.C. 2945.05 is not the proper subject for an extraordinary writ"); *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus ("The failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction").

{¶ 8} Third, we recently rejected a habeas corpus petitioner's reliance on *Parker* and held that "[t]he failure of a court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the trial court's judgment void ab initio and subject to collateral attack in habeas corpus. It constitutes an error in the court's exercise of jurisdiction that must be raised on direct appeal." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004–Ohio–1980, 806 N.E.2d 992, syllabus. And as noted previously, Kelley's trial court *did* properly convene a three-judge panel to accept his guilty plea.

{¶ 9} Fourth, Kelley's claim under *Green,* 81 Ohio St.3d 100, 689 N.E.2d 556, does not warrant extraordinary relief in habeas corpus. In *Green,* 81 Ohio St.3d at 104–105, 689 N.E.2d 556, we held that trial courts must follow certain procedural requirements when a defendant pleads guilty to aggravated murder in a capital case:

{¶ 10} "As there is no conflict in the procedural requirements of Crim.R. 11 and R.C. 2945.06, we hold that when a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required to examine witnesses and to hear any other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant. Following the presentation of evidence, pursuant to R.C. 2945.06, a three-judge panel must unanimously determine whether the defendant is guilty beyond a reasonable

doubt of aggravated murder or of a lesser offense. This finding of guilt must be properly journalized to constitute a valid conviction."

{¶ 11} In *Green*, 81 Ohio St.3d at 105, 689 N.E.2d 556, we reversed the sentence and remanded the cause for a new trial because the three-judge panel had not followed these requirements. We noted that "there has been no valid conviction and Green's sentence is therefore void." Id. It appears that, like the three-judge panel in *Green*, Kelley's three-judge panel failed to follow these requirements. We have consistently held that " '[w]hen a court's judgment is void because the court lacked subject-matter jurisdiction, habeas corpus is generally an appropriate remedy despite the availability of appeal.' " *Davis v. Wolfe* (2001), 92 Ohio St.3d 549, 552, 751 N.E.2d 1051, quoting *Rash v. Anderson* (1997), 80 Ohio St.3d 349, 350, 686 N.E.2d 505.

{¶ 12} Nevertheless, as we recently emphasized in *Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 21, an error that results in a remand to the trial court rather than a dismissal is an *error in the exercise of jurisdiction* for which there is an adequate remedy by way of direct appeal:

{¶ 13} "Had the trial court lacked subject-matter jurisdiction over the death-penalty case, there could have been no remand. For in the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss."

{¶ 14} Therefore, despite our language in *Green* that the specified errors rendered the sentence "void," the judgment was voidable and properly challenged on direct appeal. Consequently, any error by Kelley's three-judge panel was an error in the exercise of its jurisdiction that is not cognizable in habeas corpus.

{¶ 15} Fifth, Kelley's speedy-trial claim cannot be remedied in habeas corpus. *Elersic v. Wilson*, 101 Ohio St.3d 417, 2004–Ohio–1501, 805 N.E.2d 1127, ¶ 3.

{¶ 16} Finally, Kelley waived the additional claims he raises in this appeal by not raising them in the court of appeals. *Brown v. Leonard* (1999), 86 Ohio St.3d 593, 716 N.E.2d 183.

{¶ 17} Based on the foregoing, because Kelley's claims are not cognizable in habeas corpus and should have been raised on direct appeal, we affirm the judgment dismissing his habeas corpus petition.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.