99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Freddie L. MANS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5065.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1996.
 
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Freddie Mans pleaded guilty to one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and received a 240 month sentence. A panel of this court affirmed the conviction and sentence in all respects. United States v. Mans, 999 F.2d 966 (6th Cir.), cert. denied, 114 S.Ct. 567 (1993).
 
 
 3
 In 1995, Mans filed a pleading that the district court construed as a § 2255 motion to vacate. The court sua sponte entered a judgment denying the motion. Mans's subsequent motion for reconsideration was denied and this appeal followed. The parties have briefed the issues; Mans is proceeding without benefit of counsel. In addition, Mans moves for in forma pauper status on appeal.
 
 
 4
 Mans raises two grounds for relief in his motion to vacate, namely, double jeopardy and ineffective assistance of counsel. This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255 and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in denying the motion and that the double jeopardy claim does not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993). The ineffective assistance of counsel claim was raised in the district court but not in Mans's appellate filings. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 The State of Tennessee seized $7,495 from Mans in an administrative forfeiture proceeding in 1990, apparently under the theory that these monies were the product of a criminal enterprise. Mans did not appear in opposition to this seizure nor did he contest it in any way. Mans was also indicted in 1990 in the Western District of Tennessee for unlawful possession of 50.14 grams of cocaine for distribution. This indictment was the basis for the ensuing guilty plea for a violation of 21 U.S.C. § 841(a)(1).
 
 
 6
 In 1995, Mans filed the present motion to vacate (styled as a Fed.R.Civ.P. 60(b) motion for relief from judgment) in which he challenged the constitutionality of his federal conviction on double jeopardy and ineffective assistance of counsel grounds. Both of these claims stem from Mans's core assertion, namely, that the Tennessee state forfeiture was punishment for his cocaine possession such that the federal prosecution resulted in double punishment for that crime. The district court rejected Mans's contention without requiring a response. The court concluded that Mans's failure to contest the forfeiture removed that action from the realm of punishment for double jeopardy purposes and that, regardless, the "dual sovereign" exception barred this collateral attack.
 
 
 7
 The record and law completely support the district court's view of the issues and conclusions of law. Mans conceded repeatedly that he made no attempt to contest the Tennessee administrative forfeiture proceedings of the money seized from him which he now claims was proceeds of his cocaine possession/distribution. The district court properly noted that, as a non-party, Mans was not at risk of any determination of criminal guilt. Mans was therefore not placed in jeopardy by the state civil forfeiture. United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S.Ct. 669 (1994).
 
 
 8
 The district court also observed that Mans's motion fails as the two prosecutions were pursued by different sovereigns, the State of Tennessee and the United States of America. The Double Jeopardy Clause of the Fifth Amendment does in fact operate only as a bar to additional prosecutions or punishments by the same sovereign. Heath v. Alabama, 474 U.S. 82, 88-90 (1985). An act that has been declared to be a crime against both national and state sovereigns may be punished by each. United States v. Louisville Edible Oil Products, Inc., 926 F.2d 584, 587 (6th Cir.), cert. denied, 502 U.S. 859 (1991). Mans attempts to fit his case within the narrow exception to this rule, set forth in Bartkus v. Illinois, 359 U.S. 121 (1959), by stridently contending that Tennessee officials were acting as mere tools for federal authorities in instituting the forfeiture proceedings, but utterly fails to supply a shred of evidence to support this claim.
 
 
 9
 Accordingly, the motion for in forma status is granted for purposes of this appeal only and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.