**Freddie L. MANS, Petitioner–Appellant,**

v.

**Joe P. YOUNG, Warden, Respondent–Appellee.**

No. 01–5200.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2002.

Before MARTIN, Chief Judge;
GILMAN, Circuit Judge; and
EDMUNDS, District Judge.*

### ORDER

Freddie L. Mans appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, Mans pleaded guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and the district court sentenced him to 240 months of imprisonment. On appeal, this court affirmed his conviction and sentence. *United States v. Mans,* 999 F.2d 966 (6th Cir.1993). In 1995, Mans filed a pleading that the district court construed as a motion to vacate under 28 U.S.C. § 2255, and the court denied the motion as meritless. This court subsequently affirmed the district court's judgment. *Mans v. United*

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

*States,* No. 96–5065, 1996 WL 596507, 99 F.3d 1139 (6th Cir. Oct. 16, 1996).

In his current § 2241 habeas corpus petition, Mans alleged that: 1) his indictment was defective because it failed to set forth the applicable penalties; and 2) his trial counsel rendered ineffective assistance. The district court concluded that Mans could not challenge his conviction or sentence under § 2241 because he had not shown that his remedy under § 2255 was inadequate or ineffective; therefore, the court dismissed the petition. Mans has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Mans's § 2241 petition. This court reviews de novo a district court judgment dismissing a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. The prisoner has the burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756. Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996. 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the

apple." *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same).

■ Mans has not met his burden of proving that his § 2255 remedy is inadequate or ineffective for several reasons. First, Mans does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crime. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Mans could have raised his ineffective assistance of counsel claims (which are the only claims challenging his conviction) in his prior § 2255 motion to vacate.

Second, it is unclear whether and to what extent Mans can show actual innocence in relation to his claim that challenges the imposition of his sentence. The only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent. *Reyes–Requena v. United States,* 243 F.3d 893, 904 (5th Cir.2001); *Wofford v. Scott,* 177 F.3d 1236, 1245 (11th Cir.1999). To support his claim that his sentence is invalid because the indictment was defective, Mans relies on a string of Supreme Court cases, which culminated in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This court has concluded that the Supreme Court has not yet made the *Apprendi* deci-

sion retroactively applicable. *In re: Clemmons,* 259 F.3d 489, 492–93 (6th Cir.2001).

Third, Mans's remedy under § 2255 is not deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner: 1) has been denied relief under § 2255; 2) may be denied permission to file a second or successive motion to vacate; or 3) has allowed the one-year statute of limitations to expire. 180 F.3d at 756–58. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

Accordingly, the court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.