[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 100.]

THE STATE OF OHIO, APPELLEE, *v*. GREEN, APPELLANT.

[Cite as *State v. Green*, 1998-Ohio-454.]

*Criminal law—Aggravated murder—Death penalty reversed and cause remanded for new trial, when—Requirement of Crim.R. 11 determination of guilt.*

When a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required to examine witnesses and to hear any other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant.

(No. 96-1307—Submitted September 9, 1997—Decided February 18, 1998.)

APPEAL from the Cuyahoga County Court of Common Pleas, No. CR328917.

———————————

{¶ 1} On the afternoon of September 28, 1995, defendant-appellant Kenneth Green walked into the Cleveland Sixth District Police Station and told police officers that he had just killed two people. After being advised of his constitutional rights, Green restated that he had killed two people and identified the victims as his girlfriend, Debra Whitmore, and her friend, Nancy Allen.

{¶ 2} Green also told the detectives where the killings took place. When asked, "How did you kill them?" Green answered, "I don't want to say other than I did it myself. There was no one else involved and I will pay for what I did." The detectives then asked him why he killed them, and he did not answer. He started to cry and stated that he did not want to say.

{¶ 3} Debra Whitmore's body was found on a sofa bed in her apartment. She had two small stab wounds to her chest, both of which punctured her heart, causing her death. Nancy Allen's body was found in the next room sitting in a chair. Allen suffered skull fractures and brain injuries from several blows to the head with a blunt instrument. Multiple stab wounds punctured several vital organs,

and she had multiple slash wounds across her neck. In addition, a long piece of terry cloth had been looped around her neck.

{¶ 4} A grand jury indicted Green on two counts of aggravated murder alleging prior calculation and design, a violation of R.C. 2903.01(A). Both counts included two death penalty specifications under R.C. 2929.04(A)(5): a mass-murder specification for the murder of more than one person as part of a course of conduct and a repeat-murder specification based upon a prior murder conviction for which Green had served sixteen years in Lucasville prison.

{¶ 5} Green voluntarily signed a jury waiver and came before a three-judge panel in the Cuyahoga County Court of Common Pleas. The prosecutor outlined the charges and started to recite a statement of facts "in order to form a factual basis" for Green's expected guilty plea. Green's counsel objected, and the objection was noted by the court. Following this statement of facts, the prosecutor proffered as evidence the coroner's report, coroner's photographs, crime scene photographs, and a journal entry stating that the defendant had pled guilty to murder in 1974.

{¶ 6} Defense counsel objected to the introduction of the proffered evidence except for the journal entry, stating: "[I]nasmuch as we are tendering a plea of guilty today to this three judge panel, we don't think that the prosecution needs to introduce any aggravating circumstances * * *." The court deferred ruling on the admission of the evidence until the mitigation hearing. The prosecution offered no response to the objection and made no further attempts to proffer evidence. No witnesses were called and no testimony was taken.

{¶ 7} Before accepting Green's guilty pleas on both counts, the court questioned Green about his plea, and Green acknowledged repeatedly that he understood his rights and everything the prosecutor and his counsel had told him. He stated that he understood that he was presumed innocent and that the prosecutor

had to prove his guilt beyond a reasonable doubt. He further denied that any threats or promises had been made to induce his guilty pleas.

{¶ 8} The court asked him whether he "did purposely and with prior calculation and design" cause the death of the victims. The court did not explain the legal significance of "prior calculation and design" nor did it attempt to define it. Green then pled guilty to both killings. He further pled guilty to both death penalty specifications and acknowledged that he fully understood the penalties, including the death penalty, which could be imposed on each count. The court found that the pleas of guilty were made "voluntarily, knowingly, intelligently in compliance with Rule 11" and accepted them on that basis. Upon acceptance of the plea, Green asked to make a statement to the court, saying, "I believe that it has been my upbringing to, you know, to understand right and wrong. I, I wasn't just raised to jump up and do certain things, but whenever I do something then I'm likely to stand accountable for it. That's how it's been from the very beginning. I've not tried to get out of anything. I feel that I am guilty of these murders and I stand accused for them."

{¶ 9} Although the court accepted the plea, there was no indication on the record that the judges examined witnesses, made a unanimous determination that Green was guilty of aggravated murder, or considered the possibility that he may be guilty of a lesser offense. The court found that Green had pled guilty to two counts of aggravated murder (R.C. 2903.01) with specifications; however, it never filed a journal entry actually finding the defendant guilty of aggravated murder. Further, the court never made a finding that the killings were done with prior calculation and design, the essential element that separates aggravated murder from murder and renders the defendant eligible for the death penalty.

{¶ 10} In the journal entry accepting the guilty plea, no reference was made to the second death penalty specification, for repeat murder.[1] Nonetheless, the court accepted evidence at the mitigation hearing on this specification.

{¶ 11} At the mitigation hearing, the state presented evidence, including photographs, the coroner's reports, and a journal entry on the 1974 murder that had been proffered at the plea hearing. Further, the state introduced the testimony of two police officers, Detective Moore and Detective Matuszny, who investigated the killings and submitted reports from the state's trace evidence department. Although evidence of Green's 1974 conviction was accepted by the court over the objection of the defense attorney, the journal entry imposing punishment did not refer to the second specification for repeat murder.[2]

{¶ 12} The court sentenced Green to death on each count.

{¶ 13} The cause is now before this court upon an appeal as of right.

_____

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Robert Glickman*, Assistant Prosecuting Attorney, for appellee.

*David L. Doughten; James A. Draper*, Cuyahoga County Public Defender, and *Donald Green*, Appellate Division Supervisor, for appellant.

_____

**MOYER, C.J.**

{¶ 14} Appellant Kenneth Green appeals from the judgment of the Cuyahoga County Court of Common Pleas whereby a three-judge panel sentenced

---

1. The journal entry dated February 21, 1996 states: "Defendant * * * for plea to said indictment says he is guilty of aggravated murder with mass murder specifications ORC 2903.01 as charged in counts one and two, which pleas on the recommendation of the prosecutor are accepted by the court."

2. The journal entry imposing sentence, dated April 11, 1996, reads as follows: "Defendant having entered a plea of guilty to aggravated murder with mass murder specifications, ORC 2903.01, as charged in counts one and two of the indictment was this day in court * * *."

him to death on each of two counts of aggravated murder with death penalty specifications.

{¶ 15} Appellant raises seven propositions of law in support of this appeal. We have reviewed these propositions and independently assessed the evidence presented throughout both the guilt and penalty phases of the trial. Based upon our review, we reverse Green's conviction and remand the case for retrial.

{¶ 16} In Proposition of Law No. 1, Green contends that his conviction should be reversed because the state's failure to adduce evidence of prior calculation and design violates the United States Constitution, the Ohio Constitution, Crim.R. 11(C)(3), and R.C. 2945.06. We agree that the trial court did not meet the requirements of Crim.R. 11(C)(3) or R.C. 2945.06 and we therefore need not address the constitutional issues raised.

{¶ 17} Trial courts must follow more stringent procedures in the acceptance of a guilty plea for aggravated murder than they do for other felony charges. The procedures set forth by the Ohio General Assembly and this court are found in R.C. 2945.06 and Crim.R. 11(C)(3). Crim.R. 11(C)(3) allows the trial court, at its discretion, to dismiss death-penalty specifications following a plea to aggravated murder. If the court chooses not to dismiss the specifications, a three-judge panel shall "(a) *determine whether the offense was aggravated murder* or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law * * *." (Emphasis added.)

{¶ 18} The following section, Crim.R. 11(C)(4), clearly implies that the court must take testimony upon a plea of guilty to aggravated murder in order to make the required determination under Crim.R. 11(C)(3):

"(4) With respect to *all other cases* the court need not take testimony upon a plea of guilty or no contest." (Emphasis added.)

**{¶ 19}** R.C. 2945.06 also specifies procedural requirements which must be followed by any three-judge panel assembled upon a plea of guilty to aggravated murder:

"If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges. * * * [T]he accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty. If the accused pleads guilty of aggravated murder, a court composed of three judges *shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense*, and pronounce sentence accordingly." (Emphasis added.)

**{¶ 20}** The state argues that "R.C. 2945.06, requiring the examination of witnesses[,] is not effective since it conflicts with Crim.R. 11(C)." The state cites *State v. Burrage* (Oct. 7, 1993), Cuyahoga App. No. 63824, unreported, 1993 WL 398534, in support of this position. However, *Burrage* is inconsistent with this court's holding in *State v. Post* (1987), 32 Ohio St.3d 380, 392, 513 N.E.2d 754, 766.

**{¶ 21}** In *Post*, this court specifically held that there is no conflict between Crim.R. 11(C)(3) and R.C. 2945.06 and that Crim.R. 11(C)(3)(c) requires that upon acceptance of a guilty plea for aggravated murder, a three-judge panel must still hear testimony in order to determine if the accused is guilty of aggravated murder beyond a reasonable doubt.

**{¶ 22}** "We conclude that Crim.R. 11(C)(3)(c), when read *in pari materia* with R.C. 2945.06, requires the three-judge panel, upon acceptance of a no contest plea to the charge of aggravated murder, to hear evidence in deciding whether the accused is *guilty* of aggravated murder beyond a reasonable doubt." (Emphasis sic.) *Post, supra*, 32 Ohio St.3d at 392-393, 513 N.E.2d at 766. The same reasoning applies with as much force to the acceptance of a guilty plea.

**{¶ 23}** In *Post*, the prosecutor read the statement of facts after the court's acceptance of the defendant's no contest plea, but prior to any determination of guilt. The court stated that a fair reading of the transcript indicated that the parties had agreed that the statement of facts proffered by the state would be the sole evidence of aggravating circumstances before the court. While the defense made it clear that it did not necessarily agree with the substance of the facts presented, the court could construe the statement as evidence of aggravating circumstances. It is unclear from the opinion whether any additional evidence on the issue of guilt was presented.

**{¶ 24}** *Post* held that the defendant was bound by the explicit agreement between defense counsel and the state whereby the state was allowed to present a statement of facts in fulfillment of its evidentiary burden. Because Green's counsel made no such agreement, we need not reconsider the *Post* decision to hold that the prosecutor's statement of facts in this case did not satisfy the requirements of Crim.R. 11 and R.C. 2945.06.

**{¶ 25}** It has long been recognized that a statement of facts by a prosecutor does not constitute evidence. *State v. Davis* (1991), 62 Ohio St.3d 326, 337, 581 N.E.2d 1362, 1373. See, also, *Maggio v. Cleveland* (1949), 151 Ohio St. 136, 38 O.O. 578, 84 N.E.2d 912; 4 Ohio Jury Instructions (1997) 40, Section 405.10(1). The inherent dangers in relying on such a statement are clearly illustrated in this case. The prosecutor's statement included material misrepresentations and gross inaccuracies. He stated for example that both victims had been bound, when in fact only Debra Whitmore had been bound. He stated that both victims had been bludgeoned, although Debra Whitmore had not been bludgeoned. There was also an inconsistency relating to the address where the bodies were found. Such major variations from the facts, whether intentional or not, provide a clear example of the dangers of considering a prosecutor's statement as evidence without the explicit consent of the defense. These dangers are especially heightened in the context of

an aggravated murder trial where the death penalty may be imposed. Therefore, we hold that such a statement does not satisfy the evidentiary requirements under Crim.R. 11 and R.C. 2945.06.

{¶ 26} As there is no conflict in the procedural requirements of Crim.R. 11 and R.C. 2945.06, we hold that when a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required to examine witnesses and to hear any other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant. Following the presentation of evidence, pursuant to R.C. 2945.06, a three-judge panel must unanimously determine whether the defendant is guilty beyond a reasonable doubt of aggravated murder or of a lesser offense. This finding of guilt must be properly journalized to constitute a valid conviction.

{¶ 27} Because the presiding judge accepted Green's guilty plea and proceeded to sentencing without taking any evidence, without any recorded deliberation or determination by the three-judge panel as to the appropriateness of the charge, without any finding on the record that aggravated murder had been proven beyond a reasonable doubt, and without journalizing a finding of guilt, we conclude that there has been no valid conviction and Green's sentence is therefore void.

{¶ 28} Green's remaining arguments are rendered moot by this court's holding on Proposition of Law No. 1.

{¶ 29} For the foregoing reasons, the sentence is reversed, and this case is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————