{¶ 1} This is an appeal from a judgment of conviction for kidnaping, robbery and aggravated murder entered on a guilty plea in the Williams County Court of Common Pleas. Because we conclude that the court's dismissal of capital specifications vested the single member court with jurisdiction to hear the plea, we affirm.
 {¶ 2} In the early morning hours of December 7, 2000, 56 year old Mary Kosier was working as a night desk clerk at a Williams County motel when a masked gunman entered demanding money. After receiving money, the gunman ordered Kosier into the trunk of a waiting car driven by a second man. The two then drove to a secluded area where the man with the mask shot and killed Mary Kosier.
 {¶ 3} Later that same morning, two men robbed an all night convenience store in Bryan, Ohio. This time, however, the pair left the clerk unharmed. The convenience store clerk notified police who broadcast a description of the robbers' car. A police officer in a neighboring town heard the broadcast and soon saw two men park a similar car in a town parking lot. Suspicious, the officer shined a flashlight into the parked car where he observed a ski mask like the one described as having been worn in the convenience store robbery.
 {¶ 4} Police arrested Jason Crawford and appellant, James B. Jones, Jr., for robbery. During questioning, appellant told police about the murder of the motel desk clerk and eventually led them to her body. Appellant claimed Crawford was the one who shot Mary Kosier. Forensic evidence supported this assertion.
 {¶ 5} On December 14, 2000, a Williams County Grand Jury indicted appellant on one count of aggravated murder with multiple capital specifications, one count of kidnaping, and two counts of aggravated robbery. Gun specifications were attached to each count.
 {¶ 6} Appellant pled not guilty, but later appeared in court before a single judge and changed his plea to guilty on all counts. The court received appellant's plea, but, prior to entering a finding of guilt, dismissed the capital specifications. The court then found appellant guilty of aggravated murder, kidnaping, and two counts of robbery, as well as the gun specifications. The court imposed maximum consecutive sentences on all counts and specifications.
 {¶ 7} Appellant now appeals his convictions, setting forth the following two assignments of error:
 {¶ 8} "Assignment of Error No. 1
 {¶ 9} "The trial court lacked jurisdiction to accept appellant's plea of guilty to aggravated murder with death specifications because the plea was taken by a single judge rather than a three-judge panel.
 {¶ 10} "Assignment of Error No. 2
 {¶ 11} "The trial court improperly accepted appellant's plea of guilty to aggravated murder with death specifications without first taking evidence from which it could determine that the plea was supported by evidence sufficient to prove guilt of the offense and specifications beyond a reasonable doubt."
 {¶ 12} At oral argument, appellant's counsel withdrew his second assignment of error.
 {¶ 13} Relying on State v. Parker, 95 Ohio St.3d 524,2002-Ohio-2833 and State v. Green, 81 Ohio St.3d 100, 1998-Ohio-454, appellant insists that a single judge is without jurisdiction to accept a plea on an aggravated murder charge with death penalty specifications attached. Appellant maintains that R.C. 2945.06[1] requires a three judge panel to hear evidence and examine witnesses before entering a finding of guilt on a plea in capital cases.
 {¶ 14} Vincent Parker was indicted on a charge of aggravated murder with a death penalty specification. During plea negotiations, the state agreed to forgo pursuit of the death penalty in return for a guilty plea. The state did not amend the indictment to delete the capital specification prior to Parker's change of plea hearing.
 {¶ 15} Parker waived his right to a jury and a three judge panel and pled guilty to the indictment before a single judge. The court found Parker guilty and sentenced him to life imprisonment with no parole possibility for 20 years.
 {¶ 16} On appeal, Parker asserted that, pursuant to R.C. 2945.06, a single judge is without jurisdiction to accept a plea in a capital case and a capital defendant cannot waive the three-judge panel. By a narrow margin, the Parker court held, at the syllabus:
 {¶ 17} "A defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty."
 {¶ 18} Of special significance in the present matter is the distinction the Parker court draws between Parker's circumstances and those of Toriano Henry in State ex rel Henry v. McMonagle,87 Ohio St.3d 543, 2000-Ohio-477. Henry was indicted for aggravated murder with a capital specification and agreed to plead guilty if the death penalty was removed from consideration. Henry's indictment was amended, deleting the death penalty specification. He then entered a plea before a single judge. In his petition to vacate his conviction, Henry claimed that, pursuant to R.C. 2945.06, his conviction was improper because the trial court had not followed the statutory dictate that a three-judge panel examine witnesses before determining guilt.
 {¶ 19} The Henry court rejected Henry's argument noting that R.C.2943.06 is conditioned on an accused being, "*** charged with an offense punishable by death ***." When Henry's indictment was amended to delete any death penalty specification, the court concluded, Henry was no longer charged with an offense punishable by death; therefore, R.C. 2945.06 no longer had application. Id. at 544-545.
 {¶ 20} The distinction between Henry and Parker is that, inHenry, the death penalty was no longer a sentencing option because of the amended indictment. In Parker, capital punishment was still a theoretical option. With the specifications still part of the indictment, the Parker
sentencing judge might have ignored the state's agreement and imposed the death sentence.
 {¶ 21} Parker removed that possibility. By making the three-judge panel jurisdictional, Parker at 527, ¶ 12, for the accepting of a plea on a death specification indictment, the court insured that a single judge had no authority in such a circumstance. However, as Henry makes clear, once that sentencing option is legally removed from consideration, a single judge may proceed.
 {¶ 22} In this case, the transcript of the plea colloquy reflects that, although the trial court received appellant's plea before dismissing the death specifications, the court considered the plea to be tendered only. It was only subsequent to the court's proper dismissal of the death specifications, see, Crim.R. 11(C)(3), that it "accepted" his plea and entered its finding of guilt to the remaining counts and specifications. Consequently, when the court entered its finding of guilt, appellant was no longer charged with an offense punishable by death. Therefore, R.C. 2945.06 was not applicable and the single judge possessed jurisdiction to take the plea.
 {¶ 23} Accordingly, appellant's first assignment of error is not well-taken. As indicated above, appellant's second assignment of error was withdrawn.
 {¶ 24} Upon consideration, the judgment of the Williams County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
[1] 1"2945.06 Jurisdiction of judge when jury trial is waived; three-judge court.
"In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code, any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. If theaccused is charged with an offense punishable with death, he shall betried by a court to be composed of three judges, consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of that court, and in case there is neither a presiding judge nor a chief justice, by the chief justice of the supreme court. The judges or a majority of them may decide all questions of fact and law arising upon the trial; however the accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty. If theaccused pleads guilty of aggravated murder, a court composed of threejudges shall examine the witnesses, determine whether the accused isguilty of aggravated murder or any other offense, and pronounce sentence accordingly. The court shall follow the procedures contained in sections2929.03 and 2929.04 of the Revised Code in all cases in which the accused is charged with an offense punishable by death. If in the composition of the court it is necessary that a judge from another county be assigned by the chief justice, the judge from another county shall be compensated for his services as provided by section 141.07 of the Revised Code." (Emphasis added)