ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} The City of Cleveland appeals from an order signed by Cleveland Municipal Court Judge Pauline Tarver that documented the decision of Judge Larry Jones to grant Jason Dailey's Crim.R. 32.1 motion to withdraw a plea of no contest to the charge of domestic violence. The City claims that the delay between his conviction and his motion to withdraw has prejudiced its case because witnesses are no longer available to prove the charges against him. It also contends that he failed to show manifest injustice because he did not allege any actual misunderstanding of the consequences of his plea. Dailey counters that the withdrawal was justified solely on the admitted failure of Judge Ralph Perk to advise him of the consequences of his plea, as required by Crim.R. 11(E). We reverse the judgment and remand for reinstatement of the conviction.
 {¶ 2} On November 6, 2002, Dailey was arrested by Cleveland police and charged with domestic violence,[1] endangering children,[2] and criminal damaging,[3] after he reportedly punched and kicked his girlfriend while she was holding their two-month-old child and then broke the windows of her car. He was also, apparently, separately charged with a number of traffic violations for a related incident.
 {¶ 3} On February 24, 2003, Dailey pleaded no contest to an amended charge of domestic violence under R.C. 2919.25(C), a fourth degree misdemeanor, and the charges of endangering children and criminal damaging were dismissed. In conjunction with this plea, Dailey also, apparently, reached a plea agreement on the traffic charges. Judge Perk accepted the plea, fined Dailey $250, placed him on one year of active probation, and sentenced him to a thirty-day jail sentence, with four days credit for time served and twenty-six days suspended.
 {¶ 4} On December 19, 2003, Dailey moved to withdraw his plea under Crim.R. 32.1. He contended that Judge Perk did not comply with Crim.R. 11 before accepting his plea, and attached a transcript of the plea hearing in support of the motion. On January 15, 2004, Judge Jones[4] held a hearing on the motion and, after hearing the evidence and arguments, stated that he would grant the motion. On the same date, Judge Tarver signed a journal entry that granted the Crim.R. 32.1 motion and vacated Dailey's conviction.
 {¶ 5} The City obtained leave to appeal under R.C. 2945.67, and asserted two assignments of error, which are included in an appendix to this opinion. The City later withdrew its second assignment of error, which claimed that the judgment was voidable because both Judge Jones and Judge Tarver lacked authority to preside over the case. Because we find the claimed error is not a matter of subject matter jurisdiction and is, therefore, subject to waiver,[5] we will not address the second assignment of error.
 {¶ 6} The City admits that the plea transcript shows a failure to comply with Crim.R. 11, but counters that Dailey failed to show manifest injustice because he did not submit an affidavit showing any subjective misunderstanding of the plea. It also claims the motion to withdraw is untimely because of the eleven-month delay between the conviction and the time the motion was filed. Although the City has not expressly argued res judicata, we find the claims of untimeliness and failure to supply evidence outside the record are sufficient to raise such a claim.
 {¶ 7} A Crim.R. 32.1 motion is considered part of the criminal proceedings, and is distinguishable from a postconviction petition, which is a collateral attack on the judgment.[6] But a motion to withdraw filed after the time for direct appeal has passed is subject to res judicata; if the motion asserts grounds for relief that were or should have been raised in direct appeal, then res judicata applies and the motion will be denied.[7]
 {¶ 8} When Crim.R. 11 violations are apparent in the record, a post-appeal motion to withdraw based on such violations is barred by res judicata, because the error should have been raised on appeal.[8] In addition, some courts have held that Crim.R. 11 violations in the record do not demonstrate manifest injustice because the defendant may still request leave to file a delayed appeal.[9]
 {¶ 9} Dailey's motion to withdraw was based solely on evidence available in the original trial record, and not on any evidence outside that record. Therefore, the claims raised in his motion were barred by res judicata, and the City adequately raised this issue by arguing that he failed to present evidence outside the original record and that his motion was untimely. The first assignment is sustained.
 {¶ 10} The judgment is reversed and remanded with instructions to reinstate the conviction.
 APPENDIX — ASSIGNMENTS OF ERROR "I. The trial court abused its discretion by refusing to applythe standard of manifest injustice and allowing defendant towithdraw a plea eleven months after sentencing withoutreinstating all of the charges dismissed in consideration of theplea.
 II. The order vacating the conviction is void because thejournal entry was signed by a judge without jurisdiction over thecase."
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., J., and Diane Karpinski, J., concur.
[1] R.C. 2919.25(A), a first degree misdemeanor.
[2] Cleveland Cod. Ord. 609.04.
[3] Cleveland Cod. Ord. 623.02.
[4] Although Judge Perk retired in January 2004 and was replaced by Judge Anita Laster-Mays, the hearing was held before Judge Jones.
[5] Berger v. Berger (1981), 3 Ohio App.3d 125, 130, 3 OBR 141, 443 N.E.2d 1375; State v. Pecina (1992),76 Ohio App.3d 775, 778, 603 N.E.2d 363.
[6] State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993,773 N.E.2d 522, at ¶ 13.
[7] State v. Gaston, Cuyahoga App. No. 82628, 2003-Ohio-5825, at ¶ 8, citing State v. Szefcyk, 77 Ohio St.3d 93,1996-Ohio-337, 671 N.E.2d 233, syllabus.
[8] State v. White, Mahoning App. No. 03 MA 168, 2004-Ohio-2809, at ¶ 17-18.
[9] Id. at ¶ 19 (citation omitted).