ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} Turell Brown, pro se, appeals from an order of Judge Timothy J. McGinty that denied his second post-sentence Crim.R. 32.1 motion to withdraw his guilty plea to aggravated murder[1] with a firearm specification[2] and to robbery.[3] He claims the ruling violated his rights under the constitutions of both the United States and Ohio because the three-judge panel failed to examine witnesses and to hear other properly presented evidence required under a Crim.R. 11 determination as to his guilt,[4] that he had ineffective assistance of counsel during the plea proceedings, and that imposing consecutive sentences violated Ohio sentencing statutes and his due process rights. We affirm.
I. FACTS
 {¶ 2} Brown was charged with these crimes after his videotaped confession that he shot and killed Darius Reed, whom his girlfriend lured into a hotel room as part of their plan to rob and kill him and to burglarize his home.
 {¶ 3} During trial, a plea agreement was made wherein the parties stipulated to the State's recitation of facts and evidence, and stipulated that the death penalty was inappropriate. Brown's plea was heard by a three-judge panel who convicted him of the charges.[5] The then eighteen-year-old Brown was sentenced to prison for a total of 28 years to life including post-release control. He took no direct appeal from his conviction and sentence, but later moved for a delayed appeal under App.R. 5(A), which was denied by this court.[6]
 {¶ 4} Brown filed his first motion to withdraw his guilty plea on May 23, 2002. The judge denied that motion and Brown appealed the decision. We dismissed his appeal from that order sua sponte because he failed to submit a praecipe required by Local App.R. 9(B).[7] He appealed that decision to the Supreme Court of Ohio which declined to accept jurisdiction.[8]
 {¶ 5} Brown filed his second motion to withdraw his guilty plea on November 20, 2003. The judge denied that motion and this appeal followed. Brown's three assignments of error are set forth in the appendix to this opinion.
II. RES JUDICATA
 {¶ 6} The State claims that Brown's motion to withdraw his guilty plea was untimely and not supported by evidence to show a manifest injustice. Although it has not expressly argued res judicata, allegations of untimeliness and failure to supply evidence outside the record are sufficient to raise such a claim.[9]
 {¶ 7} The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been previously litigated.[10] A Crim.R. 32.1 motion filed after the time for appeal has passed is subject to res judicata[11] and, if it applies, the motion will be denied.[12] Moreover, if a Crim.R. 32.1 motion asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies and the second Crim.R. 32.1 motion will be denied.[13]
 {¶ 8} We must, therefore, determine whether Brown asserted claims he did not or could not raise on direct appeal or in his first motion to withdraw his guilty plea. In other words, res judicata will not bar Brown's second Crim.R. 32.1 motion if it raised claims based on evidence outside the record and that were not previously raised.
A. Misconduct By The Three-Judge Panel
 {¶ 9} Brown contends that the three-judge panel failed to examine witnesses and to hear other properly presented evidence in order to make a Crim.R. 11 determination of his guilt.[14] Because he relies upon and directs us to the plea hearing transcript that is not outside the record, this claim was available to him on direct appeal and should have been raised there. It is barred by res judicata, and the first assignment of error is overruled.
B. Consecutive Sentences
 {¶ 10} Brown argues that consecutive sentences were imposed upon him without making findings and without giving reasons required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). Again, this allegation is based on evidence in the record and should have been made through a direct appeal. It is, therefore, barred by res judicata, and the second assignment of error is overruled.
 {¶ 11} "C. Ineffective Assistance Of Counsel
 {¶ 12} Brown claims he was denied effective assistance of counsel because his lawyers failed to make sure the three-judge panel properly found him guilty of the offenses and failed to object to the consecutive sentences. His claims of ineffective assistance of counsel are based on evidence in the record, should have been raised on direct appeal, and are barred by res judicata. If Brown has claims of ineffective assistance of counsel not apparent from the record, his remedy is a postconviction relief petition.[15] The third assignment of error is overruled.
Judgment affirmed.
 APPENDIX — ASSIGNMENTS OF ERROR "[I.] THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATEDAPPELLANTS FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATESCONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION BYDISMISSING APPELLANTS [SIC] MOTION TO WITHDRAW HIS GUILTY PLEAAFTER APPELLANT PRESENTED FACTS DEMONSTRATING THAT HIS PLEA TOCAPITAL AGGRAVATED MURDER WAS OBTAINED IN VIOLATION OF OHIO LAW.
 [II.] THE TRIAL COURT ERRED WHEN SENTENCING THE APPELLANT TOCONSECUTIVE SENTENCES WITHOUT COMPLYING WITH THE PROVISIONS OFO.R.C. SECTION 2929.14(E) AND 2929.19(B)(2)(c) IN VIOLATION OFAPPELLANTS [SIC] FOURTEENTH AMENDMENT RIGHTS UNDER THE DUEPROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE ISECTION 10 OF THE OHIO CONSTITUTION.
 [III.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TOALLOW APPELLANT TO WITHDRAW HIS GUILTY PLEA AFTER HE DEMONSTRATEDHOW HE RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DURINGHIS PLEA PROCEEDINGS IN VIOLATION OF THE SIXTH ANDFOURTEENTH AMENDMENTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE ISECTION 10 OF THE OHIO CONSTITUTION."
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., J., And Kilbane, J., Concur.
[1] R.C. 2903.01.
[2] R.C. 2941.145.
[3] R.C. 2911.02.
[4] See, generally, State v. Green, 81 Ohio St.3d 100,1998-Ohio-454, 689 N.E.2d 556, syllabus (ruling that when a defendant pleas guilty to aggravated murder in a capital case, R.C. 2945.06 and Crim.R. 11 require a three-judge panel to examine witnesses and to hear any other evidence properly presented by the prosecution).
[5] See R.C. 2945.06 (requiring that a three-judge panel hear guilty pleas to aggravated murder).
[6] State v. Brown, Cuyahoga App. No. 82880.
[7] State v. Brown, Cuyahoga App. No. 82882.
[8] State v. Brown, Supreme Court No. 2003-1221, 10/08/2003 Case Announcements, 2003-Ohio-5232.
[9] Cleveland v. Dailey, Cuyahoga App. No. 84123,2004-Ohio-5391, at ¶ 6; State v. Gaston, Cuyahoga App. No. 82628, 2003-Ohio-5825, at ¶ 7.
[10] State v. Perry (1967) 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
[11] Dailey, 2004-Ohio-5391, at ¶ 7.
[12] Id.
[13] Id.; See, also, State v. Vincent, Ross County App. No. 03CA2713, 2003-Ohio-3998, at ¶ 12.
[14] See, generally, State v. Green, supra.
[15] State v. Cooperrider (1983), 4 Ohio St.3d 226,448 N.E.2d 452; see, also, State v. Hester (1976),45 Ohio St.2d 71, 341 N.E.2d 304, paragraph two of the syllabus ("Where the record does not disclose that the issue of competent counsel has been adjudicated, the doctrine of res judicata is an improper basis upon which to dismiss an R.C. 2953.21 petition.").