JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Shawn Patrick Kelley, brings this direct appeal from his 1991 criminal conviction arguing that the trial court's acceptance of his guilty pleas was flawed. After review of the arguments of the parties and for the reasons set forth below, we reverse and remand for a new trial.
 {¶ 2} Appellant was originally indicted in May 1990 under case number CR-252851, where he was charged with one count of aggravated murder, in violation of R.C. 2903.01; one count of aggravated murder with violence specifications, in violation of R.C. 2903.01; and one count of aggravated robbery, in violation of R.C. 2911.01. In February 1991, appellant was again charged in a superseding indictment under case number CR-263018 regarding the same facts underlying CR2-52851. This subsequent indictment charged him with two counts of aggravated murder with violence specifications and one count of aggravated robbery with specifications. Appellant initially pleaded not guilty to all counts.
 {¶ 3} The charges stem from a fatal stabbing that occurred in April 1990. On the day in question, appellant and an associate went to the home of Michael Jared ("Jared"), allegedly to collect on a debt Jared owed appellant. At some point, the situation turned violent, and appellant pulled out a hunting knife. Ultimately Jared was stabbed multiple times resulting in his death.
 {¶ 4} On April 4, 1991, the matter was assigned to a three-judge panel as a capital murder proceeding. On that date, appellant decided not to go forward with trial and instead entered a plea of guilty to all counts contained under CR-263018. The trial court accepted his guilty plea without the testimony or examination of any witnesses and without the three judges conferring on his guilt. The trial court also nolled the charges contained in the prior indictment (CR-252851) and immediately proceeded with sentencing.
 {¶ 5} During sentencing, the state conceded that the aggravating circumstances did not outweigh the mitigating factors and that the aggravated murder counts should merge for the purposes of sentencing. The trial court sentenced appellant to a single term of life imprisonment with eligibility for parole in 20 years pursuant to his aggravated murder convictions. He was also sentenced to 10 to 25 years in prison pursuant to his aggravated robbery conviction, to run concurrently with his 20-years-to-life sentence. Appellant was not advised of his right to appeal at the time of sentencing, opening the door for the long chain of events that permitted this direct appeal more than 15 years after his underlying conviction.
 {¶ 6} On September 20, 1996, appellant filed a post-conviction motion for relief attacking his plea on the grounds of ineffective assistance of counsel. That motion was not resolved until the court's ruling on October 26, 2005.
 {¶ 7} On April 25, 2003, appellant filed an App.R. 5(B) motion for a delayed appeal, which was denied by this court on May 30, 2003.
 {¶ 8} On February 11, 2004, appellant filed a petition for a writ of habeas corpus in the Richland County Court of Appeals asserting many of the same errors as he asserts now in this appeal. This habeas matter went to the Ohio Supreme Court, which, while alluding to merit in appellant's contentions, found that his arguments were not cognizable in habeas corpus, but could properly be raised on direct appeal. Kelley v. Wilson (2004),103 Ohio St.3d 201. Appellant's writ of habeas corpus was accordingly denied.
 {¶ 9} In February 2005, appellant filed an amended petition to set aside or vacate judgment or sentence. On October 26, 2005 the trial court granted that motion and, in so doing, vacated appellant's conviction and sentence, and then reimposed them so that appellant could timely file this direct appeal.
 {¶ 10} Appellant now brings this direct appeal of his 1991 plea asserting the following three assignments of error:
 {¶ 11} "I. The failure to obtain a knowing and intelligent written waiver of the defendant's right to a jury trial, that was filed and made part of the record, violated due process and deprived the trial court of jurisdiction.
 {¶ 12} "II. The trial court panel's failure to take testimony, examine witnesses, make a unanimous determination as to whether the offense was aggravated murder or some lesser offense, and journalize their determination, violated due process, Crim.R. 11(C)(3) and R.C. 2945.06.
 {¶ 13} "III. The trial court violated due process and Crim.R. 11(C) by failing to assure that the defendant understood the meaning of `prior calculation and design,' by failing to assure that there was a strong factual basis for the plea, by failing to have the defendant plead separately to each specification in the indictment, and by failing, after the defendant professed that he acted in self defense, to assure that he admitted conduct constituting aggravated murder."
 {¶ 14} We will discuss appellant's second assignment of error first because it is dispositive of this matter. Appellant argues that the three-judge panel did not satisfy the requirements of Crim.R. 11(C)(3) and R.C. 2945.06 when they accepted his guilty plea and entered his convictions. We agree.
 {¶ 15} Crim.R. 11(C)(3) reads in pertinent part:
 {¶ 16} "* * * If the indictment contains one or more specifications that are not dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall: (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly." Statutory language, as provided in R.C. 2945.06, goes on to state in pertinent part:
 {¶ 17} "If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges, * * *. The judges or a majority of them may decide all questions of fact and law arising upon the trial; however the accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty. If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly. The court shall follow the procedures contained in sections 2929.03 and2929.04 in all cases in which the accused is charged with an offense punishable by death."
 {¶ 18} Appellant pleaded guilty to two counts of aggravated murder with specifications, along with one count of aggravated robbery with specifications. Although the state made concessions at the plea hearing and recommended a non-capital punishment, the charges against appellant stood as crimes punishable by death. The record clearly demonstrates that, given the capital nature of the offenses at issue, the trial court did not satisfy its statutory requirements in accepting appellant's pleas.
 {¶ 19} The trial court most clearly and egregiously erred in the manner in which it entered findings of guilt as to appellant's aggravated murder charges. The Ohio Supreme Court, inState v. Green, 81 Ohio St.3d 100, 1998-Ohio-454, articulated what is required of a trial court when accepting a defendant's plea of guilty on charges of aggravated murder, stating:
 {¶ 20} "As there is no conflict in the procedural requirements of Crim.R. 11 and R.C. 2945.06, we hold that when a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required to examine witnesses and to hear any other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant. Following the presentation of evidence, pursuant to R.C. 2945.06, a three-judge panel must unanimously determine whether the defendant is guilty beyond a reasonable doubt of aggravated murder or of a lesser offense. This finding of guilt must be properly journalized to constitute a valid conviction." Id. at 104-105.
 {¶ 21} The record indicates that the trial court fell short of these requirements in accepting appellant's plea. No witnesses were examined before the court, nor was any evidence entered, other than four photographs entered as exhibits. No evidence was offered by the state to demonstrate the facts of the aggravated murder, other than the prosecutor's own recitation as he understood them. In Green, supra, the Ohio Supreme Court held that such statements from the prosecution do not satisfy statutory requirements:
 {¶ 22} "It has long been recognized that a statement of facts by a prosecutor does not constitute evidence. State v. Davis
(1991), 62 Ohio St.3d 326, 337, 581 O.O. 578, 84 N.E.2d 912; 4 Ohio Jury Instructions (1997) 40, Section 405.10(1). The inherent dangers in relying on such a statement are clearly illustrated in this case. * * * These dangers are especially heightened in the context of an aggravated murder trial where the death penalty may be imposed. Therefore, we hold that such a statement does not satisfy the evidentiary requirements under Crim.R. 11 and R.C. 2945.06." Id.
 {¶ 23} The record further indicates that the imposition of guilt after appellant's plea was done without any deliberation between the three-judge panel. This raises questions of whether the finding of guilt was unanimous. The journal entry finding appellant guilty pursuant to his plea is also lacking.
 {¶ 24} The Ohio Supreme Court's holdings in Green, supra, clearly illustrate errors that were present in the case at bar, and the pertinent logic of Green is not distinguishable. There are also no problems of retroactivity in applying Green to this case since the court rulings only interpret statutes that were in effect at the time applicable to appellant's proceedings. SeeHernandez v. Kelly (2006), 108 Ohio St.3d 395. It is clear from the record and applicable law that the requirements of Crim.R. 11 and R.C. 2945.06 were not satisfied in the acceptance of appellant's plea. Appellant's second assignment of error is therefore sustained, and we reverse appellant's conviction and remand for further proceedings.
 {¶ 25} Because the holding on this assignment of error is dispositive, we decline to address the remaining assignments of error pursuant to App.R. 12(A)(1)(c) since they are now moot.
Reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., and Corrigan, J., concur.