[Cite as *State v. Hunt*, 2019-Ohio-1982.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 105769 |
| v. | : | |
| JEIMIL HUNT, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION EN BANC

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 23, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-91-273936-C; CR-93-300402-D; CR 94-305667-D;
CR-94-307512-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Norman & Tayeh, L.L.C., and William Norman, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Pursuant to App.R. 26, Loc.App.R. 26, and M*cFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, this court determined that a conflict exists between the original panel majority decision in

*State v. Hunt*, 8th Dist. Cuyahoga No. 105769, 2018-Ohio-4849, and *State v. Kelley*, 8th Dist. Cuyahoga No. 87324, 2006-Ohio-5432, on the question of whether the Ohio Supreme Court's decision in *State v. Green*, 81 Ohio St.3d 100, 105, 1998-Ohio-454, 689 N.E.2d 556, can be applied retroactively. The panel decision in this case found *State v. Burrage*, 8th Dist. Cuyahoga No. 63824, 1993 Ohio App. LEXIS 4849 (Oct. 7, 1993), to be controlling. According to *Green*, when a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required to examine witnesses and to hear any other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant under R.C. 2945.06. *Id.* at syllabus. *Burrage* concluded that R.C. 2945.06 conflicted with Crim.R. 11, and therefore, the statutory section was not effective. We vacate the decision in *Hunt* released December 6, 2018. We continue to adhere to the law set forth in *Kelley* — *Green* applies to Jeimil Hunt's guilty plea despite Hunt's plea occurring earlier in time. *Green* at 103 (noting that *Burrage* was inconsistent with the Ohio Supreme Court's holding in *State v. Post,* 32 Ohio St.3d 380, 392, 513 N.E.2d 754 (1987), that a three-judge panel must hear testimony in order to determine whether the accused is guilty of aggravated murder under R.C. 2945.06).

{¶ 2} In addition, the parties asked us to resolve the following question en banc: When a criminal defendant alleges a violation of Crim.R. 11, the transcript of the plea hearing is unavailable, and the trial judge lacks a specific recollection of the plea, under what circumstances can our court presume regularity in the plea proceedings? In *State v. Jones*, 71 Ohio St.3d 293, 643 N.E.2d 547 (1994), this

question was answered. The appellant, in *Jones*, was granted leave to file a delayed appeal of his convictions following a jury trial; however, the transcript of the trial had been destroyed. The defendant and the prosecuting attorney offered competing App.R. 9(C) statements, and the trial court concluded that it could not settle an App.R. 9(C) statement because of the lack of an independent recollection of the proceedings. In that situation, the Ohio Supreme Court held that "[a] criminal defendant must suffer the consequences of nonproduction of an appellate record where such nonproduction is caused by his or her own actions." *Id.* at 297. If the defendant causes the nonproduction of the record, the appellate court may presume regularity in the trial court proceedings. However, "an appellant is entitled to a new trial where, after an evidentiary hearing, a record cannot be settled *and* it is determined that the appellant is not at fault." (Emphasis added.) *Id.* at 298.

{¶ 3} This same concept was applied four years earlier in *State v. Frazier*, 8th Dist. Cuyahoga No. 56484, 1990 Ohio App. LEXIS 1457 (Apr. 12, 1990) — in considering a delayed appeal after the transcript of proceedings becomes unavailable through time and as permitted under R.C. 2301.20, the defendant is considered to be at fault for the lack of a record. Under R.C. 2301.20(B), the notes and electronic records for a capital case are preserved for the longer of ten years or until the final disposition of the action and exhaustion of all appeals. *Frazier* implicitly held that the failure to timely file a notice of appeal under App.R. 4 is considered the "exhaustion of all appeals." *Id.* When considering that type of a

situation, an appellate court may presume regularity in resolving the merits of the appeal.  Hunt has not asked us to revisit *Frazier*.

{¶ 4}  Instead, Hunt argues that the panel's decision in this case conflicts with *State v. Costella*, 8th Dist. Cuyahoga Nos. 61898, 61899, 61900, 61901, 1993 Ohio App. LEXIS 3388 (July 1, 1993); *State v. Carlozzi*, 8th Dist. Cuyahoga No. 59784, 1992 Ohio App. LEXIS 395 (Jan. 30, 1992); and *State v. Polk*, 8th Dist. Cuyahoga No. 57511, 1991 Ohio App. LEXIS 900 (Mar. 7, 1991).  Hunt is mistaken. Although the panel decision in this case could be construed as conflicting with the body of law that has developed, these cases are factually distinguishable and in harmony with *Frazier*.

{¶ 5}  In *Costella*, the trial court settled the record under App.R. 9 based on the trial court's independent recollection of the proceedings.  *Id.* at 9 (noting that the record was not silent for the purposes of the presumption of regularity doctrine in light of the App.R. 9(C) statement issued by the trial court).  Thus, the record was complete for the purposes of resolving the merits of the delayed appeal and there was no need to resort to the presumption of regularity.  In *Carlozzi* and *Polk,* the records of proceedings were destroyed by fire.  In light of the accidental destruction of the records, the defendants in *Carlozzi* and *Polk* were held blameless for the nonproduction of the record in prosecuting their delayed appeals.  In that situation, according to *Jones*, the presumption of regularity could not be applied and a new trial is warranted if the trial court is unable to settle the record.  Thus, the cases Hunt cited are inapplicable to his situation.  In a delayed appeal, and one in which the

record is not kept beyond the period prescribed by R.C. 2301.20, the defendant is considered to be "at fault" as contemplated under *Jones* for nonproduction of the record. In such cases, the presumption of regularity applies. *Frazier*.

{¶ 6} With respect to the merits of this appeal, Hunt pleaded guilty to attempted aggravated burglary, aggravated murder, and aggravated robbery in 1994. The trial court sentenced him to an aggregate term of life in prison, with the possibility of parole after 48 years, in consideration of the sentences on the aggravated robbery, aggravated murder, and a firearm specification being consecutively imposed. Hunt did not timely appeal his convictions. Instead, in 2012 Hunt filed a motion to withdraw his plea in the aggravated robbery case, in which Hunt noted that he had never filed a direct appeal in his cases. That motion was denied, and Hunt again failed to perfect a timely appeal from the post-dispositive motion.

{¶ 7} In May 2017, over 23 years after his final convictions were entered, Hunt filed a motion for delayed appeal claiming that he was unaware of his right to an appeal and his indigent status precluded him from pursuing an appeal in a more timely fashion. The motion was granted. In hindsight, granting a delayed appeal from a 23-year-old conviction may have been improvident. App.R. 5(A) is a powerful exception to an appellate court's jurisdictional barrier. "Once granted, a delayed appeal proceeds as any timely appeal would proceed, and the assertion of error is virtually the same as it would have been but for the delayed filing." *State v. Silsby*, 119 Ohio St.3d 370, 2008-Ohio-3834, 894 N.E.2d 667, ¶ 14. However, the

rule does not give an offender the indefinite right to appeal a conviction. Time is a factor that must be considered. *State v. Cathcart*, 10th Dist. Franklin No. 17AP-505, 2017 Ohio App. LEXIS 3596, 2 (Aug. 22, 2017) (six-year delay in seeking a delayed appeal was excessive and warranted denial of the motion for a delayed appeal). This is especially concerning given the potential for the lack of a complete record under R.C. 2301.20. Nevertheless, an offender is under no obligation to present potential assigned errors in seeking a delayed appeal. App.R. 5, Staff Notes (the 1994 amendment of the rule deleted a requirement that the person seeking leave to file a delayed appeal set forth the potential errors for review). Even without a transcript of proceedings, defendants are entitled to present legal errors as assigned errors. Hunt's motion for a delayed appeal was granted, and we must resolve the appellate arguments the same as if Hunt had timely appealed his convictions.

{¶ 8} In this appeal, Hunt asserted nine assignments of error that challenge different aspects of the guilty plea process, the general crux of which centers on the knowing, voluntary, or intelligent nature of Hunt's guilty pleas or the trial court's adherence to the guilty plea process in capital cases as set forth in *Green*, 81 Ohio St.3d 100, 1998-Ohio-454, 689 N.E.2d 556. The assigned errors would be easily resolved upon reviewing the transcript of the proceedings. This review, however, is hampered by the lack of a record from the 1994 convictions. The transcript of proceedings was not indefinitely preserved, and as permitted under R.C. 2301.20(B), the transcripts are no longer available. One of the exhibits attached to a motion filed with the trial court dealing with the App.R. 9(C) statement is a letter

from the Cuyahoga County Clerk of Courts confirming that the transcript from Hunt's plea hearing was no longer available because ten years had elapsed after his final conviction.

{¶ 9} Hunt is considered to be "at fault" for the nonproduction of the transcript necessary to the resolution of all of the assigned errors. *Frazier* is directly on point. *Frazier*, 8th Dist. Cuyahoga No. 56484, 1990 Ohio App. LEXIS 1457, at 4 (Apr. 12, 1990). In that case, the offender filed a delayed appeal after the transcript of proceedings was no longer kept under R.C. 2301.20. It was concluded that in the absence of any demonstration from the available record that the trial court failed to comply with Crim.R. 11(C), the presumption of regularity must be applied. According to *Frazier*, it cannot be assumed that the court failed to do its duty under those circumstances, especially because of the length of time between the final conviction and the filing of a delayed appeal. *Id.* The failure to produce the transcript was directly caused by the defendant's failure to prosecute the appeal in a more timely fashion. *Id.* In other words, the presumption of regularity applies in instances in which the defendant files a delayed appeal after the record is no longer available under R.C. 2301.20. *Id.*

{¶ 10} In light of *Frazier* and *Jones*, we must presume regularity in these proceedings as it applies to Hunt's claims regarding the plea process, including the three-judge panel's adherence to the requirements enumerated in *Green*. In attempting to adhere to the procedures of App.R. 9, the trial court tacitly indicated the lack of an independent recollection of the proceedings necessary to settling the

record through App.R. 9. In other words, the trial court was unable to settle the record given the age of the conviction. Our record is silent. Although Hunt filed a document containing his recollections of the proceedings, such a document is insufficient against the presumption of regularity that may be applied in light of Hunt's failure to timely prosecute this delayed appeal. *Frazier*. Hunt cannot profit from self-serving statements that cannot be contested because of his dilatory behavior. Because Hunt is responsible for the nonproduction of the factual record, this appeal can only proceed on those issues for which a factual record is unnecessary. *Jones.*

{¶ 11} Hunt's claims that his plea was not knowingly, voluntarily, or intelligently entered or that the trial court failed to comply with the dictates of *Green*, all of which are dependent on the nonexistent transcript, are without merit. We must presume regularity in the proceedings and that the three-judge panel complied with *Green* and Crim.R. 11. Further, the final entry of conviction indicates that Hunt was notified of his constitutional rights during the plea process and Hunt has not demonstrated any other legal error from the available record of the proceedings.

{¶ 12} Hunt's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., PATRICIA ANN BLACKMON, MARY J. BOYLE, FRANK D. CELEBREZZE, JR., EILEEN A. GALLAGHER, EILEEN T. GALLAGHER, RAYMOND C. HEADEN, LARRY A. JONES, SR., KATHLEEN ANN KEOUGH, ANITA LASTER MAYS, and MICHELLE J. SHEEHAN, JJ., CONCUR